# MEMORANDUM DECISIONS

THE BRIS. (Circuit Court of Appeals, Second Circuit. April 22, 1919.) No. 141. Appeal from the District Court of the United States for the Southern District of New York. Suit in admiralty by the Standard Varnish Works against the steamship Bris; Rederiaktiebolaget, claimant. Decree for claimant, and libelant appeals. Affirmed. For opinion below, see 253 Fed. 259. Julius J. Frank, of New York City, for appellant. Haight, Sandford & Smith, of New York City, for appellee. Before ROGERS and MANTON, Circuit Judges.

PER CURIAM. Decree affirmed.

COMBINED LOCKS PAPER CO. v. PUSEY & JONES CO. (Circuit Court of Appeals, Seventh Circuit. April 29, 1919.) No. 2663. In Error to the District Court of the United States for the Eastern District of Wisconsin. Action by the Pusey & Jones Company against the Combined Locks Paper Company. Judgment for plaintiff, and defendant brings error. Affirmed. For opinion below, see 255 Fed. 700. George B. Hudnall, of Milwaukee, Wis., for plaintiff in error. Jackson B. Kemper, of Milwaukee, Wis., for defendant in error. Before BAKER and EVANS, Circuit Judges, and ENGLISH, District Judge.

PER CURIAM. In denying a motion for a new trial, the learned District Judge filed an opinion reported in 255 Fed. 700, under the title of Pusey & Jones Co. v. Combined Locks Paper Co., which fully and fairly sets forth the issues and the facts. We approve of the opinion and herewith adopt it. The judgment is affirmed.

EDWARDS et al. v. UNITED STATES. (Circuit Court of Appeals, Fourth Circuit. April 22, 1919.) No. 1701. In Error to the District Court of the United States for the Eastern District of Virginia, at Norfolk; Edmund Waddill, Jr., Judge. Criminal prosecution by the United States against Samuel Edwards and Lee Edwards. Judgment of conviction, and defendants bring error. Affirmed. Nathaniel T. Green, of Norfolk, Va., for plaintiffs in error. Hiram M. Smith, U. S. Atty., of Richmond, Va. Before KNAPP and WOODS, Circuit Judges, and ROSE, District Judge.

PER CURIAM. Careful examination of the record in this case shows that the judge was so clearly right, and the principles of law so simple and well established, that no statement of reasons for affirming the judgment would be of value. Affirmed.

LOUISVILLE & N. R. CO. v. EVANS, U. S. District Judge. (Circuit Court of Appeals, Sixth Circuit. February 7, 1919.) No. 3266. Petition for Writ of Mandamus. Helm Bruce and Henry L. Stone, both of Louisville, Ky., for petitioner.

PER CURIAM. Leave to file petition granted, motion for rule to show cause denied, and petition dismissed.

THE MORRISTOWN. (Circuit Court of Appeals, Second Circuit. April 25, 1919.) No. 211. Appeal from the District Court of the United States for the Southern District of New York. Suit in admiralty by Henry Crew and

others against the steam tug Morristown; the Delaware, Lackawanna & Western Railroad Company, claimant. Decree for respondent, and libelants appeal. Affirmed. Foley & Martin, of New York City (William J. Martin and George V. A. McCloskey, both of New York City, of counsel), for appellants Crew and others. A. J. McMahon, of New York City, for appellant Delaware, L. & W. R. Co. Ellis W. Leavenworth, of New York City, for the Morristown. Before WARD, ROGERS, and MANTON, Circuit Judges.

PER CURIAM. Decree affirmed.

---

NORFOLK BANK FOR SAVINGS & TRUSTS v. WHIPPLE. (Circuit Court of Appeals, Fourth Circuit. July 12, 1919.) No. 1696. Appeal from the District Court of the United States for the Eastern District of South Carolina, at Charleston; Henry A. Middleton Smith and Henry G. Connor, Judges. Suit by the Norfolk Bank for Savings & Trusts against C. S. Whipple. Bill dismissed, and complainant appeals. Affirmed. E. P. Buford, of Lawrenceville, Va., and T. D. Savage, of Norfolk, Va. (B. A. Hagood, of Charleston, S. C., on the brief), for appellant. A. F. Woods and L. D. Lide, both of Marion, S. C. (T. I. Rogers, of Bennettsville, S. C., on the brief), for appellee. Before PRITCHARD and KNAPP, Circuit Judges, and WADDILL, District Judge.

PER CURIAM. We are satisfied after careful examination with the decision of this case by the court below and with the reasons assigned therefor by the learned District Judge. The decree is accordingly affirmed on his opinion. 254 Fed. 195. Affirmed.

---

PATAPSCO SHIP CEILING & STEVEDORE CO. v. SIEBERT. (Circuit Court of Appeals, Fourth Circuit. April 24, 1919.) No. 1690. Appeal from the District Court of the United States for the District of Maryland, at Baltimore; John C. Rose, Judge. Suit in admiralty by John Siebert against the Patapsco Ship Ceiling & Stevedore Company and others. Decree for libelant against the first-named respondent, and it appeals. Affirmed. For opinion below, see 253 Fed. 685. Whitelock, Deming & Kemp, of Baltimore, Md., for appellant. George T. Mister and Harry B. Wolf, both of Baltimore, Md., for appellee. Before PRITCHARD, KNAPP, and WOODS, Circuit Judges.

PER CURIAM. We are satisfied with the disposition of this case by the court below, and deem it unnecessary to add anything to what is said in the opinion of the learned District Judge. 253 Fed. 685. Affirmed.

---

STENNICK v. JONES et al. (Circuit Court of Appeals, Ninth Circuit. June 2, 1919.) No. 3139. Suit by Parker Stennick, trustee in bankruptcy of the Hamilton Creek Timber Company and the Rainier Lumber & Shingle Company, against Willard N. Jones, Fred A. Kribs, and the J. K. Lumber Company. From the decree, complainant appealed. On appellant's motion in respect to the item of $50,000, referred to in the memorandum opinion filed on motions and counter motions for modification of original opinion and decision of this court, and appellees' motion with respect to costs. Motion for modified order in respect to costs denied.

PER CURIAM. Upon further consideration of the matter, we hold that when an accounting is had the item of $50,000 referred to in the memorandum opinion (256 Fed. 354, —— C. C. A. ——) filed as an addendum to our original opinion (252 Fed. 345, 164 C. C. A. 269) should not be allowed as a set-off, for the reason that defendants averred in their answer that they never sought to